[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
COMPLIANCE WITH COURT ORDERS
In the above entitled matter the defendant was ordered to pay child support in the amount of $150.00 a week representing $125.00 on a current order and $25.00 on an arrearage. He had also been ordered to provide the proof of a life insurance policy naming the children as dependents.
The court had found him in contempt for failure to pay the child support orders in accordance with the orders and had continued the matter until the hearing on January 29th to determine what the penalty should be after considering his compliance or noncompliance in the interim.
It was agreed at the hearing that he had complied with the payment of the weekly support order including the payment on the arrears. He had not provided the plaintiff with a copy of the life insurance policy or proof of payment. However, he had shown her a copy of the policy. The parties agreed at the hearing that he would give the plaintiff a copy of his credit card payment to J. C. Penney which the plaintiff agreed to accept as proof of payment for the policy and he would also provide her with a copy of the policy with, in one week after January 29, 1992.
There was considerable discussion about adding to the total arrearage the amount of $2,258.00 representing old medical bills. The court orders that that be done so that that amount will be included in the total arrearage to be paid at the rate of $25.00 a week.
The court had also ordered the defendant to pay $500.00 in attorney's fees of which he has paid $50.00. The remaining $450.00 must be paid at the rate of $50.00 a month to which the CT Page 2604 defendant agreed beginning February 1, 1992.
There also is a question about sharing the exemptions on the tax returns. Since the defendant is paying considerably less than half of what it costs to support the two children, the court will order that the plaintiff be permitted to take the exemptions for both children on the tax return.
I have reviewed my notes and the file and find that there was a motion by the plaintiff to require that the prior order concerning each party taking one child as a dependent for income tax purposes be modified to permit the plaintiff to take both children for that purpose. The evidence certainly establishes that the overwhelming burden of the support of the two children is on the plaintiff or has been exercised by the plaintiff. Consequently, the court grants that motion and orders that the plaintiff be permitted to take both children as dependents.
The request of the plaintiff that this matter be continued for three months is denied. Should there be any failure on the part of the defendant to continue paying the child support, the plaintiff has the remedy of another motion of contempt and at that time the court may have a different attitude toward a penalty.
At this time the plaintiff is not asking for a penalty and the court will not order one given the compliance of the defendant with the orders to date.
It is so ordered.
DRISCOLL, J. STATE TRIAL REFEREE